JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN:  245227
        E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
        E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiff
CREE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CREE, INC., a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLYT E-COMMERCE SERVICES INC., a California Corporation; VINCENT YUN ZOU aka YUE ZOU, an Individual; ROY JIAN aka RUI JIAN, an Individual;  FIVE STAR STORE INC., a California Corporation;  XIN ZOU, an Individual;  HOTTIME INTERNATIONAL CORPORATION, a California Corporation; ZHUBAO WANG, an Individual;  HAO ZHOU aka MARK ZHOU, an Individual; RONSHIN INC.,  a California Corporation; JIAJUN WU, an Individual; YUNQIN JIANG aka JANICE JIANG, an Individual, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:16-cv-05208<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/*Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)]; and**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* § 17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff CREE, INC., ("Plaintiff") to hereby file its Complaint against Defendants FLYT E-COMMERCE SERVICES INC., a California Corporation; VINCENT YUN ZOU aka YUE ZOU, an individual; ROY JIAN aka RUI JIAN, an individual; FIVE STAR STORE INC., a California Corporation; XIN ZOU, an individual; HOTTIME INTERNATIONAL CORPORATION, a California Corporation; ZHUBAO WANG, an individual; HAO ZHOU aka MARK ZHOU, an individual; RONSHIN INC., a California Corporation; JIAJUN WU, an individual; YUNQIN JIANG aka JANICE JIANG, an individual; and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a North Carolina corporation, having its principal place of business at 4600 Silicon Drive, Durham, North Carolina.  Plaintiff further owns and operates the Santa Barbara Technology Center, located at 340 Storke Road, Goleta, California, which conducts research and development, sales and clerical functions for Plaintiff.

2.     Plaintiff is informed and believes that Defendant FLYT E-COMMERCE SERVICE INC., was at the time of the filing of this Complaint and at all intervening times, a California Corporation, with its principal place of business at 2235 E. Locust Court, Ontario, California 91761.

3.     Plaintiff is informed and believes that Defendant VINCENT YUN ZOU aka YUE ZOU  was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a principal of Defendant FLYT E-COMMERCE SERVICE INC.

4.     Plaintiff is informed and believes that Defendant ROY JIAN aka RUI JIAN  was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a principal of Defendant FLYT E-COMMERCE SERVICE INC.

5.     Plaintiff is informed and believes that Defendant FLYT E-COMMERCE SERVICE INC. sells on www.ebay.com ("eBay") under many seller IDs, including but not limited to "chesr_2013," "bobowaytoway," "cenn2010," and "delhanway2009."

6.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant FLYT E-COMMERCE SERVICE INC., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

7.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant FLYT E-COMMERCE SERVICE INC., was undercapitalized.

8.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant FLYT E-COMMERCE SERVICE INC., has failed to observe corporate formalities required by law.

9.     Plaintiff further alleges, on information and belief, that Defendants VINCENT YUN ZOU aka YUE ZOU, and ROY JIAN aka RUI JIAN, are the alter egos of corporate Defendant FLYT E-COMMERCE SERVICE INC., and these individual Defendants personally directed and benefited from the infringing activities of the corporate Defendant.

10.     Plaintiff is informed and believes that Defendant FIVE STAR STORE INC., was at the time of the filing of this Complaint and at all intervening times, a California Corporation, with its principal place of business at 2235 E. Locust Court, Ontario, California 91761.

11.     Plaintiff is informed and believes that Defendant XIN ZOU  was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a principal of Defendant FIVE STAR STORE INC.

**COMPLAINT FOR DAMAGES**

12.     Plaintiff is informed and believes that Defendant FIVE STAR STORE INC. sells on eBay under many seller IDs, including but not limited to "chesr_2013," "bobowaytoway," "cenn2010," and "delhanway2009."

13.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant FIVE STAR STORE INC., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

14.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant FIVE STAR STORE INC., was undercapitalized.

15.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant FIVE STAR STORE INC., has failed to observe corporate formalities required by law.

16.     Plaintiff further alleges, on information and belief, that Defendant XIN ZOU is the alter ego of corporate Defendant FIVE STAR STORE INC., and this individual Defendant personally directed and benefited from the infringing activities of the corporate Defendant.

17.     Plaintiff is informed and believes that Defendant HOTTIME INTERNATIONAL CORP., was at the time of the filing of this Complaint and at all intervening times, a California Corporation, with its principal place of business at 15933 E. Valley Boulevard, City of Industry, California 91744.

18.     Plaintiff is informed and believes that Defendant ZHUBAO WANG was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a Principal of corporate Defendant HOTTIME INTERNATIONAL CORP.

19.     Plaintiff is informed and believes that Defendant HAO ZHOU aka MARK ZHOU was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a Principal

of corporate Defendant HOTTIME INTERNATIONAL CORP.

20. Plaintiff is informed and believes that Defendant HOTTIME INTERNATIONAL CORP. sells on eBay under many seller IDs, including but not limited to "21buyinhere," "bidnice," "dailysource2005," "grapebaiwan-us," "martin_mall," "motorsource99," "snstrade168," "topinled88," "topsaleslily," "usell2001," "uslight2013," "visa2012," as well as www.amazon.com ("Amazon") seller ID "EverydayLucky."

21. Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant HOTTIME INTERNATIONAL CORP., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

22. Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant HOTTIME INTERNATIONAL CORP., was undercapitalized.

23. Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant HOTTIME INTERNATIONAL CORP., has failed to observe corporate formalities required by law.

24. Plaintiff further alleges, on information and belief, that Defendants ZHUBAO WANG, and HAO ZHOU aka MARK ZHOU, are the alter egos of corporate Defendant HOTTIME INTERNATIONAL CORP., and these individual Defendants personally directed and benefited from the infringing activities of the corporate Defendant.

25. Plaintiff is informed and believes that Defendant RONSHIN INC., was at the time of the filing of this Complaint and at all intervening times, a California Corporation, with its principal place of business at 8 Lycett Circle, Daly City, California 94015.

/ / /

26.     Plaintiff is informed and believes that Defendant JIAJUN WU  was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a principal of Defendant RONSHIN INC.

27.     Plaintiff is informed and believes that Defendant YUNQIN JIANG aka JANICE JIANG, was at the time of the filing of this Complaint and at all intervening times an individual residing in the State of California and a manager of Defendant RONSHIN INC.

28.     Plaintiff is informed and believes that Defendant RONSHIN INC. sells on eBay under many seller IDs, including but not limited to "jafa-led-wholesale," "ledleader," "hottest-auto-parts," "led-queen," "lucky-light888," and "ronshin-au."

29.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant RONSHIN INC., did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

30.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant RONSHIN INC., was undercapitalized.

31.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant RONSHIN INC., has failed to observe corporate formalities required by law.

32.     Plaintiff further alleges, on information and belief, that Defendants JIAJUN WU, and YUNQIN JIANG aka JANICE JIANG, are the alter egos of corporate Defendant RONSHIN INC., and these individual Defendants personally directed and benefited from the infringing activities of the corporate Defendant.

33.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious

1   names. When the true names and capacities of said Defendants have been

2   ascertained, Plaintiff will amend this pleading accordingly.

3       34.   Plaintiff further alleges that Defendants FLYT E-COMMERCE

4   SERVICES INC.; VINCENT YUN ZOU aka YUE ZOU; ROY JIAN aka RUI

5   JIAN; FIVE STAR STORE INC.; XIN ZOU; HOTTIME INTERNATIONAL

6   CORPORATION; ZHUBAO WANG; HAO ZHOU aka MARK ZHOU;

7   RONSHIN INC.; JIAJUN WU; YUNQIN JIANG aka JANICE JIANG; and

8   DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and

9   concurrently liable and responsible with one another upon the causes of action

10  hereinafter set forth.

11      35.   Plaintiff is informed and believes and thereon alleges that at all times

12  mentioned herein Defendants FLYT E-COMMERCE SERVICES INC.;

13  VINCENT YUN ZOU aka YUE ZOU; ROY JIAN aka RUI JIAN; FIVE STAR

14  STORE INC.; XIN ZOU; HOTTIME INTERNATIONAL CORPORATION;

15  ZHUBAO WANG; HAO ZHOU aka MARK ZHOU; RONSHIN INC.; JIAJUN

16  WU; YUNQIN JIANG aka JANICE JIANG; and DOES 1-10, inclusive, and each

17  of them, were the agents, servants and employees of every other Defendant and

18  that the acts of each Defendant, as alleged herein, were performed within the

19  course and scope of that agency, service or employment.

20      36.   The rights to recovery and claims asserted against all Defendants

21  arise out of the same transaction, occurrence, or series of transactions or

22  occurrences.

23      37.   This action involves the same question of law and findings of fact

24  against all Defendants who are similarly situated through their offer of sale,

25  advertising, marketing, distributing, and sale of identical counterfeit CREE®-

26  branded products in the stream of commerce through eBay and/or Amazon sales

27  channels.

28  / / /

## JURISDICTION/VENUE

38.    This Court has jurisdiction over the subject matter of the First, Second, and Third Cause of Action (violation of the *Lanham* Act) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

39.    This Court has personal jurisdiction over Defendants as Defendants have committed the tortious activities of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and sold products that infringe the trademarks of Plaintiff to consumers within this judicial district for Defendants' own commercial gain and have exploited California's extensive marketplace, wherein Plaintiff maintains substantial business contacts and financial interests.   Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using interactive Internet websites and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff or authorized manufacturers.

40.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because Plaintiff has a research and development facility located in this jurisdiction and, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiff in this district.   The counterfeit CREE®-branded products were purchased from California and Defendants purposefully shipped the counterfeit products within California.   Moreover, the counterfeit CREE®-branded products were paid for with funds from a financial institution in California, PayPal, Inc.  Defendants' actions within this district where Plaintiff

**COMPLAINT FOR DAMAGES**

1   also has business operations have directly interfered with and damage Plaintiff's

2   business operations and harms Plaintiff's goodwill within this venue.

3   **GENERAL ALLEGATIONS**

4   **Plaintiff and their Well-Known CREE® Brand and Products**

5       41.   Plaintiff was founded in 1987 as a manufacturer of silicon carbon

6   (SiC) wafers.   Building on its success with SiC, Plaintiff began developing

7   innovative light emitting diodes (LED) for use in a variety of applications and

8   introduced numerous LEDs in the 1990s and 2000s.

9       42.   Plaintiff is a market-leading innovator in the design, development,

10  manufacture, and sale of LED, lighting products using LEDs, semiconductor

11  products for RF applications, and a variety of other products under various

12  trademarks, including but not limited to the CREE® marks.  Plaintiff's CREE®-

13  branded products and marks have achieved great success since their introduction

14  at least as of July 1990.

15      43.   Plaintiff's lighting and related products have earned a reputation for

16  innovation, quality and performance.  Plaintiff has spent substantial time, money

17  and effort in developing consumer recognition and awareness of its CREE®

18  marks and products.  Plaintiff has spent an enormous amount of money on print

19  and Internet advertising in order to inform consumers of the benefits of Plaintiff's

20  products and services.

21      44.   Through the extensive use of Plaintiff's marks, Plaintiff has built up

22  and developed significant goodwill in its entire product line.   Wide arrays of

23  newspapers, magazines and television networks have included advertising of

24  Plaintiff's products, which are immediately identified by Plaintiff's marks.

25      45.   As a result of the quality and popularity of the CREE®-branded

26  products, including Plaintiff's LED products, the CREE® marks have been

27  prominently placed in the minds of the public. Consumers, purchasers and the

28  members of the public have become familiar with Plaintiff's intellectual property

**COMPLAINT FOR DAMAGES**

and products, and have come to recognize the CREE® marks and products, and associate them exclusively with Plaintiff.   Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.   Indeed, the CREE® marks are famous in the United States and around the world.

46.   While Plaintiff has gained significant common law trademark and other rights in its CREE® products and services through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining numerous federal trademark registrations.   This includes registration for the following non-exhaustive list of Trademarks (collectively referred to herein as "CREE® Trademarks").   The registration certificates for the CREE® Trademarks are attached hereto as **Exhibits "A" - "DD,"** respectively:

> A. CREE: USPTO Reg. No.: 2,440,530, Registered April 3, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;
>
> B. CREE [AND DIAMOND DESIGN]: United States Patent and Trademark Office ("USPTO") Reg. No.: 2,452,761, Registered May 22, 2001, for electronic devices and materials, namely, optoelectronic devices, light emitting diodes, photodiodes, and silicon carbide semiconductor wafers;
>
> C. CREE LEDS [AND DESIGN]: USPTO Reg. No.: 3,360,315, Registered December 25, 2007, for optoelectronic devices and materials, namely, light emitting diodes, packaged light emitting diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

D. CREE LED LIGHTING SOLUTIONS: USPTO Reg. No.: 3,526,887, Registered November 4, 2008, for light emitting diodes and light fixtures;

E. CREE LED LIGHTING [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,891,756, Registered December 21, 2010, for light emitting diodes and light fixtures;

F. CREE LED LIGHTING: USPTO Reg. No.: 3,891,765, Registered December 21, 2010, for light emitting diodes and light fixtures;

G. CREE TRUEWHITE TECHNOLOGY [AND DIAMOND DESIGN]: USPTO Reg. No.: 4,286,398, Registered February 5, 2013, for light fixtures;

H. CREE TRUEWHITE TECHNOLOGY [AND DESIGN]: USPTO Reg. No.: 4,099,381, Registered February 14, 2012, for light fixtures;

I. CREE TRUEWHITE: USPTO Reg. No.: 4,029,469, Registered September 20, 2011, for light emitting diodes;

J. CREE TRUEWHITE: USPTO Reg. No.: 4,091,530, Registered January 24, 2012, for light emitting diode lighting fixtures and lighting fixtures;

K. CREE: USPTO Reg. No.: 3,935,628, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

L. CREE: USPTO Reg. No.: 3,935,629, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

M. CREE: USPTO Reg. No.: 3,938,970, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing

- 11 -
**COMPLAINT FOR DAMAGES**

technical advice related to the manufacture of semiconductor devices;

N. CREE: USPTO Reg. No.: 4,026,756, Registered September 13, 2011, for contract foundry design, testing and engineering services in the field of semiconductor materials and devices;

O. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,630, Registered March 22, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, semiconductor wafers;

P. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,935,631, Registered March 22, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

Q. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,938,971, Registered March 29, 2011, for manufacturing services for others in the field of semiconductor devices, and technical support services, namely, providing technical advice related to the manufacture of semiconductor devices;

R. CREE [AND DIAMOND DESIGN]: USPTO Reg. No.: 2,922,689, Registered February 1, 2005, for contract foundry design, testing and engineering support services in the field of semiconductor materials and devices;

S. CREE LED LIGHT [AND DIAMOND DESIGN]: USPTO Reg. No.: 3,327,299, Registered October 30, 2007, for optoelectronic devices and materials, namely light emitting diodes, photodiodes, packaged light emitting diodes, laser diodes, semiconductor devices that include semiconductor wafers, and electronic components, modules and subassemblies in the nature of light

emitting diodes used for providing backlighting in liquid crystal display monitors, televisions, and related video displays;

T. [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,141, Registered July 19, 2011, for diodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

U. [DIAMOND DESIGN]: USPTO Reg. No.: 3,998,142, Registered July 19, 2011, for flashlights, light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

V. CREE [AND DESIGN]: USPTO Reg. No.: 4,233,855, Registered October 30, 2012, for light emitting diode lighting fixtures, light bulbs, lighting fixtures, and spotlights;

W. CREE [AND DESIGN]: USPTO Reg. No.: 4,234,124, Registered October 30, 2012, for light emitting diodes, photodiodes, transistors, semiconductor devices, semiconductor chips, and semiconductor wafers;

X. CREE: USPTO Reg. No.: 4,641,937, Registered November 18, 2014, for apparatus and instruments for switching, transforming, regulating or controlling electricity; electrical integrated control systems for use in the fields of lighting, LED lighting, and security, electric switches, electrical controllers, electronic circuits and electric components for lighting, namely, electrical lighting controllers, electric light dimmers, sensors, electric transmitters and receivers for lighting; control software for lighting; wireless remote controls for lighting; calibration equipment, namely, sensors and electrical controllers for lighting; power supplies; electronic driver circuits; modules, namely, power modules and lighting modules and networking hardware, namely, lighting network hardware;

**COMPLAINT FOR DAMAGES**

Y. CREE LEDS [AND DESIGN]: USPTO Reg. No.: 4,558,924, Registered July 1, 2014, for light emitting diode lighting fixtures, light bulbs, lighting fixtures, spotlights, lanterns, and headlamps;

Z. CREE: USPTO Reg. No.: 4,597,310, Registered September 2, 2014, for lighting design and lighting technology specification services pertaining to exterior and/or interior commercial, industrial, and/or residential applications;

AA. CREE [AND DESIGN]: USPTO Reg. No.: 4,597,311, Registered September 2, 2014, for lighting design and lighting technology specification services pertaining to exterior and/or interior commercial, industrial, and/or residential applications;

BB. CREE: USPTO Reg. No.: 4,767,107, Registered July 7, 2015, for downloadable webinars in the field of lighting, and for educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

CC. CREE [AND DESIGN]: USPTO Reg. No.: 4,771,402, Registered July 14, 2015, for downloadable webinars in the field of lighting, and for educational services, namely, providing seminars and nondownloadable webinars in the field of lighting;

DD. CREE: USPTO Reg. No.: 4,787,288, Registered August 4, 2015, for shipping of lighting goods, and controls and accessories therefor.

47. Plaintiff has never authorized or consented to Defendants' use of Plaintiff's CREE® Trademarks, or any confusingly similar marks by Defendants, nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or distribute any CREE® products.

/ / /

/ / /

## **Defendants' Wrongful and Infringing Conduct**

48.    Particularly in light of the success of Plaintiff and Plaintiff's products, as well as the reputation they have gained, Plaintiff and its products have become targets for unscrupulous individuals and entities that wish to take a free ride on its goodwill, reputation and fame.  Plaintiff has spent considerable effort and resources to build up its products and marks.

49.    A large number of these individuals and entities deal in pirated and counterfeit   CREE®-branded   products.   Their   actions   vary   and   include manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing counterfeit and otherwise unauthorized products.

50.    Defendants use, amongst other things, the Internet auction website known as www.ebay.com, owned by eBay, Inc., to sell and distribute products, including counterfeit hard goods bearing Plaintiff's Trademarks, described above, to consumers.  Buyers have the option to purchase items in an auction-style format where users bid on products, or items can be purchased at a fixed price through a feature referred to as "Buy It Now."  Using another eBay feature referred to as "Feedback," users who have made a purchase on eBay are given the opportunity to post positive, neutral or negative reviews in relation to their buying experience. While Feedback can give some indication of sales volume, empirical evidence shows that actual sales far exceed the number of feedback entries a seller receives.

51.    Many of the online commercial transactions accomplished by sellers such as Defendants are accomplished through the PayPal service ("PayPal") provided by PayPal, Inc.  Through PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account.

52.    Both eBay, Inc., and PayPal, Inc., are headquartered in California.  In order for individuals, including Defendants, to make use of eBay and PayPal's services, sellers must agree to terms and conditions set forth in eBay and PayPal's

**COMPLAINT FOR DAMAGES**

User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

53.     Defendants operate and sell through eBay.com and Amazon.com. Through such accounts, Defendants regularly and systematically advertised, marketed, distributed and sold products using and bearing unauthorized CREE® Trademarks.

54.     Through such business activities, Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in California. But for Defendants' advertising, soliciting and selling of counterfeit CREE® products, Plaintiff would not have been able to make a purchase of the subject products.

55.     On January 25, 2015, in its ongoing investigation of counterfeit sales of CREE® products, from the State of California, Plaintiff purchased a purported "2Pcs Ultrafire 1000LM CREE Q5 LED Zoomable Focus 14500 Flashlight Torch Light," (Item #131296363332) bearing Plaintiff's CREE® Trademarks from Defendants' eBay seller ID "chesr_2013" for a cost of $8.59, charged to the PayPal electronic payment account of Plaintiff's investigator. The Paypal receipt provides the Customer Service Email for the transaction as fivesstore@gmail.com. A true and correct copy of the website purchase receipt is attached hereto as **Exhibit "EE."**

56.     The "2Pcs Ultrafire 1000LM CREE Q5 LED Zoomable Focus 14500 Flashlight Torch Light" purchased from Defendants' eBay seller ID "chesr_2013" was received in a package with the return address identifying the sender as Defendant FLYT E-COMMERCE SERVICES, along with the physical address of 2235 E. Locust Court, Ontario, California 91761.

57.     Defendant FLYT E-COMMERCE SERVICE, INC., is an active California corporation, located at 2235 E. Locust Court, Ontario, California 91761. The principals are VINCENT YUN ZOU aka YUE ZOU, and ROY JIAN

aka RUI JIAN.   The return address of the package containing the counterfeit CREE® products was the address for Defendant FLYT E-COMMERCE SERVICE, INC.

58.    Defendant FIVE STAR STORE is an active California corporation, located at 2235 E. Locust Court, Ontario, California  91761.  The principal is XIN ZOU. The return address of the package containing the counterfeit CREE® products was the address for Defendant FIVE STAR STORE and the Customer Service Email address on the Paypal receipt was listed as fivesstore@gmail.com.

59.    On February 22, 2015, in its ongoing investigation of counterfeit sales of CREE® products, from the State of California, Plaintiff purchased a purported "USA 5 PC Mini CREE Q5 LED Flashlight Torch 1200LM Adjustable Focus Zoom Light," (Item #141582383885) bearing Plaintiff's CREE® Trademarks from Defendants' eBay seller ID "jafa-led-wholesale" for a cost of $31.00 charged to the PayPal electronic payment account of Plaintiff's investigator.   The Paypal receipt notes that the seller as Jafa Co., Ltd., and provides the Customer Service Email for the transaction as wujiajun4@126.com. A true and correct copy of the website purchase receipt is attached hereto as **Exhibit "FF."**

60.    The "USA 5 PC Mini CREE Q5 LED Flashlight Torch 1200LM Adjustable Focus Zoom Light" purchased from Defendants' eBay seller ID "jafa-led-wholesale" was received in a package with the return address identifying Defendant YUNQIN JIANG, by name, as the sender of the package.  The physical return address for the package was listed at 8 Lycett Circle, Daly City, California 94015, which is the corporate address of RONSHIN, INC.

61.    JIAJUN WU  is  the  email  contact  for  website  www.jafa-led-wholesale.com and is the principal officer for RONSHIN, INC.

62.    On August 2, 2015, in its ongoing investigation of counterfeit sales of CREE® products, from the State of California, Plaintiff purchased a  purported

"5x Newest Zoomable CREE Q5 LED Flashlight Torch+5x14500 Battery &Charger#0," (Item # 311390801235) bearing Plaintiff's CREE® Trademarks from Defendants' eBay seller ID "visa2012" for a cost of $27.98 charged to the PayPal electronic payment account of Plaintiff's investigator.  A true and correct copy of the website purchase receipt is attached hereto as **Exhibit "GG."**

63.    The "5x Newest Zoomable CREE Q5 LED Flashlight Torch+5x14500 Battery &Charger#0" purchased from Defendants' eBay seller ID "visa2012" was received in a package with the return address of 15933 E. Valley Boulevard, City of Industry, California  91744, which is the corporate address for HOTTIME INTERNATIONAL CORPORTION.

64.    ZHUBAO WANG and HAO ZHOU aka MARK ZHOU are the principals for HOTTIME INTERNATIONAL CORPORATION.

65.    All the flashlight products purchased from Defendants were of the identical size, shape, style and all contained the CREE® name prominently on  the barrel of the flashlights.  Accordingly, Plaintiff is informed and believes that the counterfeit CREE® branded flashlight products purchased from Defendants were products of the same source, maker, supplier, distributor, importer and/or originator.

66.    Plainitff is further informed and believes that Defendants' acted in concert with the same same source, maker, supplier, distributor, importer and/or originator to distribute the counterfeit flashlight products.

67.     Plainitff is further informed and believes that Defendants' acted in concert with one another using multiple eBay seller IDs and accounts in an effort to maximum exposure and sales.

68.    All the flashlight products purchased from Defendants were inspected to determine authenticity. The inspection of the purchased items confirmed that the items Defendants sold to the investigator were in fact counterfeit CREE® products.

69.     By these sales and, on information and belief, Defendants violated and continue to violate Plaintiff's exclusive rights in its trademarked materials, goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product. Defendants' conduct and use began long after Plaintiff's adoption and use of its CREE® Trademarks, after Plaintiff obtained the trademark registrations alleged above, and after Plaintiff's marks became famous.   Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with the intent to cause confusion, tarnish, counterfeit and dilute Plaintiff's marks and products.

70.     Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's CREE® Trademarks in the manner complained of here.   Plaintiff has not endorsed any of Defendants' product illegally bearing CREE® Trademarks.   Moreover, Plaintiff has not endorsed the use of the CREE® Trademarks along with any other brands, causing a false designation of origin, false endorsement, and false and deceptice advertising.

71.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

72.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, counterfeited and diluted Plaintiff's rights in the CREE® Trademarks; (ii) applied

**COMPLAINT FOR DAMAGES**

counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (iv) misled the public into believeing that Plaintiff endorses Defendants' products; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; (vii) engaged in counterfeiting; and (viii) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendants**

**FLYT E-COMMERCE SERVICES INC.; VINCENT YUN ZOU aka YUE**

**ZOU; ROY JIAN aka RUI JIAN; FIVE STAR STORE INC.;  XIN ZOU;**

**HOTTIME INTERNATIONAL CORPORATION; ZHUBAO WANG;  HAO**

**ZHOU aka MARK ZHOU; RONSHIN INC.; JIAJUN WU; YUNQIN JIANG**

**aka JANICE JIANG; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1114/*Lanham Act* § 32(a)]**

73.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

74.    Plaintiff has continuously used its CREE® Trademarks in interstate commerce.

75.    Plaintiff, as the owners of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute, 15 U.S.C. § 1114.

76.    Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holders of the CREE® Trademarks.  (See **Exhibits "A" - "DD"**).

77.    Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially

distribute, market and sell CREE® products bearing Plaintiff's asserted marks into the stream of commerce.

78.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit CREE® products bearing the CREE® Trademarks.

79.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered CREE® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.   Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit CREE® products bearing the CREE® Trademarks.

80.     Defendants' egregious and intentional use and sale of fake and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

81.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

82.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the CREE® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff requests injunctive relief.

/ / /

83.    Defendants' continued and knowing use of Plaintiff's asserted marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of § 32 of the *Lanham Act*, 15 U.S.C. § 1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendants FLYT E-COMMERCE SERVICES INC.; VINCENT YUN ZOU aka YUE ZOU; ROY JIAN aka RUI JIAN; FIVE STAR STORE INC.;  XIN ZOU; HOTTIME INTERNATIONAL CORPORATION; ZHUBAO WANG;  HAO ZHOU aka MARK ZHOU; RONSHIN INC.; JIAJUN WU; YUNQIN JIANG aka JANICE JIANG; and DOES 1 through 10, Inclusive)**

**[15 U.S.C. § 1125(a)/*Lanham Act* § 43(a)]**

84.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

85.    Plaintiff, as the owner of all common law right, title, and interest in and to the CREE® asserted marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. § 1125). Plaintiff's asserted marks are fanciful, inherently distinctive and/or have acquired distinctiveness.

86.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff, and as to the origin, sponsorship or

**COMPLAINT FOR DAMAGES**

approval of Defendants' goods or services or commercial activities.

87.   Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's CREE® Trademarks in the manner complained of here.   Plaintiff has not endorsed any of Defendants' product illegally bearing CREE® Trademarks.   Moreover, Plaintiff has not endorsed the use of the CREE® Trademarks along with any other brands, causing a false designation of origin, false endorsement, and false and deceptice advertising.

88.   Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's mark.

89.   On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiff's rights.

90.   Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

91.   Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's asserted marks unfairly competes with Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products.

92.   Defendants' continuing and knowing use of Plaintiff's asserted marks constitutes false designation of origin and unfair competition in violation of § 43(a) of the *Lanham Act*, 15 U.S.C. § 1125(a), causing Plaintiff to suffer

1   substantial and irreparable injury for which it has no adequate remedy at law.

2       93.    Defendants' wrongful conduct has permitted or will permit it to make

3   substantial sales and profits on the strength of Plaintiff's marketing, advertising,

4   sales and consumer recognition.  As a direct and proximate result of Defendants'

5   wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of

6   sales of its CREE® products in an amount as yet unknown but to be determined at

7   trial, and has been deprived and will be deprived of the value of their marks as

8   commercial assets in an amount as yet unknown but to be determined at trial.

9   Plaintiff seek damages and an accounting of Defendants' profits, and requests that

10  the Court grant Plaintiff three times that amount in the Court's discretion.

11      94.    Based on Defendants' wrongful conduct, Plaintiff is entitled to

12  injunctive relief as well as monetary damages, and other remedies as provided by

13  the *Lanham Act*, including Defendants' profits, treble damages, reasonable

14  attorneys' fees, costs and prejudgment interest.

15  ### THIRD CAUSE OF ACTION

16  **(Dilution Against Defendants FLYT E-COMMERCE SERVICES INC.;**

17  **VINCENT YUN ZOU aka YUE ZOU; ROY JIAN aka RUI JIAN; FIVE**

18  **STAR STORE INC.;  XIN ZOU;  HOTTIME INTERNATIONAL**

19  **CORPORATION; ZHUBAO WANG;  HAO ZHOU aka MARK ZHOU;**

20  **RONSHIN INC.; JIAJUN WU; YUNQIN JIANG aka JANICE JIANG; and**

21  **DOES 1 through 10, Inclusive)**

22  **[15 U.S.C. § 1125(c)]**

23      95.    Plaintiff hereby incorporates by reference each of the other

24  allegations set forth elsewhere in this Complaint as though fully set forth in this

25  cause of action.

26      96.    Plaintiff's asserted marks are distinctive and famous within the

27  meaning of the *Lanham Act*.

28  / / /

97.    Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's asserted marks.    Defendants' conduct is willful, wanton and egregious.

98.    Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine CREE® products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and their marks.

99.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

100.   As the acts alleged herein constitute a willful violation of § 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants FLYT E-COMMERCE SERVICES INC.; VINCENT YUN ZOU aka YUE ZOU; ROY JIAN aka RUI JIAN; FIVE STAR STORE INC.;  XIN ZOU; HOTTIME INTERNATIONAL CORPORATION; ZHUBAO WANG;  HAO ZHOU aka MARK ZHOU; RONSHIN INC.; JIAJUN WU; YUNQIN JIANG aka JANICE JIANG; and DOES 1 through 10, Inclusive)**

[*California Business & Professions Code* **§ 17200** *et seq.*]

101.  Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

102.  By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREE® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* § 17200 *et seq*.

103.  Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit CREE® products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

104.  Defendants knew, or by the exercise of reasonable care should have known, that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

/ / /

105.  By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in their marks.

106.  Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

107.  Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

108.  Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

109.  Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies and assets in Defendants' possession that rightfully belong to Plaintiff.

WHEREFORE, Plaintiff CREE, INC., prays for judgment against Defendants FLYT E-COMMERCE SERVICES INC.; VINCENT YUN ZOU aka YUE ZOU; ROY JIAN aka RUI JIAN; FIVE STAR STORE INC.;  XIN ZOU; HOTTIME INTERNATIONAL CORPORATION; ZHUBAO WANG;   HAO

**COMPLAINT FOR DAMAGES**

ZHOU aka MARK ZHOU; RONSHIN INC.; JIAJUN WU; YUNQIN JIANG aka JANICE JIANG; and DOES 1-10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. § 1117(c).

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* § 17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any trademark; acts of trademark infringement or dilution; false designation of origin; unfair competition;

- 28 -
**COMPLAINT FOR DAMAGES**

and any other act in derogation of Plaintiff's rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. § 1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiff's reasonable attorney's fees;

15. For all costs of suit;

16. For such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

# **DEMAND FOR JURY TRIAL**

Plaintiff CREE INC., respectfully demands a trial by jury in this action pursuant to Local Rule 38-1.


DATED:  July 14, 2016                    JOHNSON & PHAM, LLP


                                         By: /s/Christopher D. Johnson
                                         Christopher D. Johnson, Esq.
                                         Christopher Q. Pham, Esq.
                                         Marcus F. Chaney, Esq.
                                         Attorneys for Plaintiff
                                         CREE, INC.

**COMPLAINT FOR DAMAGES**